No. 13,117.

ANDREEN *v.* THE PEOPLE.
(14 P. [2d] 695)

Decided September 19, 1932.

Messrs. FAIRLAMB & FAIRLAMB, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. WALLACE S. PORTH, Assistant, for the people.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

MRS. Bennie S. Andreen was convicted of grand larceny in the district court of Delta county and sentenced to the state penitentiary for a period of not less than three years nor more than four years. To reverse this judgment, she prosecutes this writ.

The information charged that: ''Mrs. Bennie S. Andreen, late of the County of Delta and State of Colorado,

on or about the 16th day of April in the year of our Lord one thousand nine hundred and thirty-one at and within the County and State aforesaid then and there being did then and there wilfully, unlawfully and feloniously steal, take and carry away $44.00 in cash and currency, good and lawful money of the U. S. of America, to the value of $44.00; 1 leather wallet of the value of $5.00; 1 instrument of writing of the value to the owner, which said instrument was and is a check drawn and signed by J. A. Hunsicker upon the First National Bank of Cedaredge, Delta County, Colorado, directing said bank to pay to the order of J. A. Wick the sum of $14.19, and of the value of $14.19; 1 instrument of writing of the value to the owner, which said instrument was and is a check drawn and signed by C. E. Thomas upon the First Nat'l Bank of Cedaredge, Delta County, Colorado, directing said bank to pay to N. H. McCormick or order the sum of $7.30 and endorsed by the said payee by the writing of N. H. McCormick on the back thereof, and of the value of $7.30; 1 instrument of writing of value to the owner, which said instrument was and is a check drawn and signed by the Surface Creek Dairy Products Co-operative Association, by Merrill Flint, Pres., upon the First National Bank of Cedaredge, Colorado, directing said bank to pay to J. A. Eckert, or order, the sum of $42.50 and endorsed by the said payee by the writing of the name of J. A. Eckert on the back thereof and of the value of $42.50, all of said goods and property being the property of J. A. Wick, with intent in her, the said Mrs. Bennie S. Andreen, to deprive the owner thereof permanently.''

The record discloses that the J. A. Wick grocery store, which is located in Cedaredge and which was formerly owned by the defendant and her husband, has a main street and side entrance. On April 16, 1931, the store was in charge of C. E. Thomas and Parker M. Hart, clerks employed by Mr. Wick. In the afternoon they left the store and stood on the porch in front of the main

entrance to watch a band approaching. Hart noticed defendant's dog jump on the front door, both looked in and saw defendant, who had entered the store by the side door, standing by the safe. Thomas entered the store to wait on defendant and Hart remained outside. Defendant, who seemed in a hurry, purchased ten cents worth of cookies and immediately left by the side door. Thomas then joined Hart on the front porch, when in about ten minutes Thomas again entered the store to wait on a customer who wanted a dollar bill. When he searched for the leather wallet in which checks and currency were kept, he found it was gone. At the time the wallet disappeared, it contained forty-four dollars in currency and three checks, one for $42.50 from Andrew Eckert, one for $7.30 from C. E. Thomas to N. H. Mc-Cormick and endorsed by the latter, and one for $14.19 drawn by J. A. Hunsicker in favor of J. A. Wick, the checks having been taken in payment of bills, or cash given for them. The wallet was subsequently found at the home of defendant. The $7.30 check was accepted by the Montgomery Ward store at Grand Junction in payment for a spray pump purchased by the defendant. The defendant admitted buying the pump, but testified that she had paid cash for it. The $14.19 check was accepted by E. H. Cutter of Palisade for the purchase of some men's furnishings by defendant. Defendant admitted being in Palisade, but denied she was in Cutter's store. The $42.50 check was delivered to the J. C. Penney Company of Grand Junction by a man who answered the description of defendant's son-in-law and defendant was identified as being in the store at this time. The defendant admitted being in Grand Junction on this day, but denied she was in this store.

The sheriff of Delta county searched the home of defendant shortly after the alleged theft and in the presence of defendant discovered the leather wallet under defendant's bed in a small wooden box. Mrs. Andreen stated the wallet belonged to her husband. Her husband

344

denied owning it. In the same box with the wallet were discovered two bottles of liquid Arvon, two bottles of vaseline, one bottle of shampoo and one can of powder which were claimed by defendant to have been purchased at "Jackish's" drug store but identified as having belonged to Wick. Various other articles of merchandise, soap, canned goods, coffee, muslin, pillow slips and dry goods, identified as having belonged to Wick, were found concealed in various places about the premises. The defense was a categorical denial of the charge and of the people's evidence supporting it.

The jury found the defendant guilty as charged and the court in sentencing her stated: "You have been tried on this charge of larceny. The jury has found you guilty. And, frankly, the court will have to admit that I do not see how the jury could have done any different." The sentence was thereupon pronounced.

■ Defendant claims the court erred in admitting testimony concerning articles found in her possession not included in the information and that certain of its instructions were improper and prejudicial.

There was considerable colloquy between court and counsel covering the admissibility of testimony concerning articles not listed in the information and found by Sheriff Vanaken upon defendant's premises. The court thereafter struck some of this testimony and instructed the jury as follows:

"You are further instructed that the defendant in this case is on trial only for the alleged theft of the money, leather wallet, and checks alleged and described in the Information, and this defendant is not on trial for any other offense and in this connection you are charged that certain evidence has been admitted in this case in regard to the finding in the possession of the defendant at the time the Sheriff of Delta County served his search warrant on her one (1) bottle of Arvon, identified as Exhibit M, one (1) bottle of shampoo, identified as Exhibit L, and one (1) bottle vaseline, identified as Exhibit K, and con-

cerning which certain testimony was given by the witness, Vanaken, as to statements made by the defendant to him at the time said search warrant was served on the defendant. The evidence with regard to the foregoing Exhibits was admitted by the Court solely because it was a part of the res gestae and for the purpose, if said testimony served any such purpose, of affecting the credibility of the defendant. You are instructed that you can consider this evidence for said purpose and for said purpose alone.

"You are instructed that the defendant is not being tried for stealing the articles identified as Exhibits M, L and K, and that you cannot convict said defendant for the taking of said articles as identified."

In these circumstances the admission of such testimony, if error, was cured by the court's instruction. *Goldberger v. People,* 45 Colo. 327, 101 Pac. 407.

We have examined carefully the court's instructions to the jury and find that they are couched in language most favorable to the defendant, safeguarding her rights in every respect and stating the law of the case correctly.

Defendant's other assignments of error are without merit and a discussion thereof is unnecessary. A close scrutiny of the record convinces us that the defendant has had an exceedingly fair and impartial trial and we agree with the conclusion of the trial court that the verdict of guilty was the only one which, under the evidence, could have been returned.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.